## THE PEOPLE v. RAMOS.

### APPEAL from the District Court of Humacao.

No. 7.—Decided January 10, 1906.

APPEAL—STENOGRAPHIC NOTES—STATEMENT OF FACTS—BILL OF EXCEPTIONS.—
In order that the Supreme Court may consider on appeal the evidence taken
on the trial, it is necessary that the same be submitted to its consideration by
means of a bill of exceptions or a statement of facts, which document cannot
be substituted by the stenographer's notes taken during the trial.

The facts are stated in the opinion.
*Mr. Benítez Castaño* for appellant.
*Mr. Rossy, fiscal,* for respondent.
MR. JUSTICE FIGUERAS delivered the opinion of the court.
The *fiscal* of the Humacao court, on July 10th of last year,
filed an information against Pedro Ramos for the crime of
perjury, a felony, committed as follows:

"On or about May 12, 1905, in the city of Mumacao, the seat of
the judicial district of Humacao, in the district court of the same
name, while Hon. James A. Erwin was the judge thereof, and while
the oral trial of the cause prosecuted by *The People of Porto Rico* v.
*Eulogio Ramos,* for the offense of assault and battery, was being held,
the defendant, Pedro Ramos, appeared as a witness for The People
of Porto Rico, and was duly sworn before said judge and court by
the clerk thereof, Enrique Rincón (who had legal authority to ad-
minister oaths), to tell the truth, the whole truth and nothing but the
truth in this testimony; that a material question having arisen with

respect to the person who had assaulted him in Fajardo on January 24th last, the defendant, then and there, among other things, declared, knowingly, falsely, wilfully and maliciously, that he had accidentally inflicted the injuries upon himself, when it was Eulogio Ramos who had assaulted him and inflicted a number of wounds. Wherefore, the said defendant, Pedro Ramos, knowingly, falsely, wilfully and maliciously committed the crime of perjury. This act is contrary to the law in such case made and provided and against the peace and dignity of The People of Porto Rico.—José A. Aponte, district *fiscal.*

"The above information is based upon the sworn testimony of witnesses, and I solemnly believe that there is just cause for the filing of this information.—José R. Aponte, district *fiscal.*

"Sworn to and signed before me this 6th day of July, 1905.—Enrique Rincón, clerk of the District Court of Humacao."

Upon arraignment the defendant in person pleaded not guilty.

The trial having been held and the evidence heard, he was found guilty by the law court, as he had waived trial by jury, and on August 7th of last year he was sentenced to be confined in the penitentiary of this Island for one year at hard labor, and to pay the costs of the proceedings; this after the defendant had been asked whether or not he had any cause to show why judgment should not be pronounced against him and he had not availed himself of the opportunity.

An appeal was taken from this judgment.

Counsel for the appellant filed a brief in this Supreme Court, and attached thereto a copy of the evidence taken by the stenographer of the witnesses who had testified at the trial, and with this simple transcript he seeks to discuss the evidence developed in the Humacao court which led to the conviction of the defendant.

This cannot be, and the true doctrine has been announced, among other cases, in that of *The People of Porto Rico* v. *Juan de Mata Eligier and Juan del Carmen Groló,* and in the case of *The People of Porto Rico* v. *Eusebio Torres Candelaria,* and in that of *The People of Porto Rico* v. *Francisco Done Ramos.*

The method employed by the appellant cannot take the place of the proper procedure, which requires a bill of exceptions, or, better in this case, a statement of facts, prepared and drawn in the form prescribed by law, because only in this manner can the appellate court be enabled to judge properly the result of the evidence.

Under these circumstances, this court can only consider the fundamental errors appearing in the record itself which does not show such errors, but on the contrary the information is a real model of its class, because it embodies all the elements which go to make up the crime of perjury and the essential act upon which the false testimony was based. The judgment appealed from conformed to law in all respects.

In view of what has been stated, the judgment of the Humacao court should be affirmed, with the costs of the appeal against the appellant.

*Affirmed.*

Chief Justice Quiñones, and Justices Hernández, MacLeary and Wolf concurred.